No. 19,511.

R. J. ARNOLD, EXECUTOR OF ESTATE OF MATTIE DAVIS, DECEASED *v.* FRED F. ABERNETHY.

(358 P. [2d] 47)

Decided December 23, 1960.

Mr. JOHN T. DUGAN, Mr. N. I. GOLDEN, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties by name. Mattie Davis died February 12, 1952, and R. J. Arnold was appointed executor of her estate. Prior to her death she brought the instant action against Abernethy to recover certain moneys which had been placed on deposit in a bank in joint tenancy in the names of Abernethy and Davis. Arnold was substituted as plaintiff following his ap-

pointment as executor. There is no appearance in this court by Abernethy.

Mattie Davis was seventy-seven years of age at the time of her death. She became acquainted with Abernethy shortly after the death of her husband in April 1947. Abernethy began to take care of her affairs and became her "attorney in fact," and it is undisputed that at all times during his relationship with Mrs. Davis he was acting in a fiduciary capacity. The general course of conduct between them more fully appears from the opinion in *Arnold v. Abernethy,* 134 Colo. 573, 307 P. (2d) 1106, in which another phase of the controversy between the parties was before this court.

In the instant case the complaint contains the following allegation:

"* * * on or about March 28, 1949, the said Mattie Davis had on deposit with the First National Bank of Fairmont, Illinois, the approximate sum of $9,970.75 and the said Defendant Fred F. Abernethy induced and persuaded the said Mattie Davis to withdraw said funds and said funds were put in a savings account which was opened by the said Defendant Abernethy for the said Mattie Davis; that the said defendant Abernethy thereafter and on or about April 5, 1949, opened a joint savings account in the name of himself and Mattie Davis and deposited therein various sums of money which he withdrew from the account of Mattie Davis, and that the amount on deposit in said account now amounts to the approximate sum of $5,051.61. That the said Defendant Abernethy has retained and still retains the bank book for said joint account, as well as the bank book for the account in the name of Mattie Davis individually, together with her will and other personal papers.

"4. That said account was opened jointly in the name of the Defendant Abernethy without the knowledge or consent of the said Mattie Davis, and without her knowledge that her funds were being used to open said account, and that other funds were being withdrawn from

her account and were being placed in the joint account. * * * "

The prayer of the complaint was for "$8,000.00 actual damages, together with exemplary damages in the sum of $5,000.00, and that body execution be issued against the Defendant, and that the savings bank passbook both for her individual account and the joint account be returned to her, as well as all her personal papers and effects."

The trial court entered judgment in favor of Arnold as executor, for the sum of $4,970.75 and costs. Counsel for Arnold contend that the said judgment was inadequate and that it should have been increased to the extent of $960.95. If the trial court was correct in construing the claim of plaintiff as it is set forth in the complaint, the judgment was correct as entered.

In explaining the basis for the entry of the judgment, the trial court made the following statement:

" * * * Now, it is interesting to me to note that as I read this amended complaint it isn't a broad, blanket claim that the plaintiff should get back all of her moneys that Mr. Abernethy then had in his possession regardless of the source of these moneys, i.e., regardless of whether it came from her individual savings account, her cash funds, or the checking account. Certainly the gravamen of the offense as alleged in paragraphs three and four of the complaint is that Mr. Abernethy induced Mrs. Davis to get the $9,970.75 that she had in Illinois and bring it out to Denver, and he induced her and persuaded her to put that sum in an individual savings account of Mattie Davis in the Colorado National Bank. It is averred that later on, very shortly after the individual savings account was opened, that he and Mattie Davis opened a joint savings account and then the complaint, as I read it, states that moneys were taken out of the individual savings account and put in the joint account.

"Now, I make that observation for the purpose of un-

derlining what will become apparent later on when I make my ultimate ruling, that I do not regard the amended complaint as any blanket, overall request that Abernethy return any and all moneys that he got from Mattie Davis regardless of how, when or where they were obtained. In my humble opinion the amended complaint limits the request to moneys that left her individual savings account and somehow found their way into the joint account."

The judgment entered was altogether consistent with the above interpretation of the complaint. We find no error therein. Other issues argued are addressed to matters in which the trial court is vested with discretion and we find no abuse in the exercise thereof.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.